The Honorable George E. Wimberly State Representative No. 15 Brickton Place Little Rock, AR 72205
Dear Representative Wimberly:
This letter is in response to your request for an opinion regarding the following specific questions.
1) What effect does Act 511 of 1985 have on the reciprocity provisions between systems which was established by earlier acts?
2) Must an employee who wants to transfer to PERS withdraw all contributions made by the employee to Teachers Retirement System before changing to PERS?
3) If the answer to question #2 is yes: Current legislation permits an employee to "buy back" prior years of credited service when returning to state government. Since the withdrawal of contributions forfeits the right to credited service in the Teachers Retirement System, can the employee "buy back" those years of credited service when the employee becomes a member of PERS?
4) If the answer to question #3 is yes: Will the employee be required to pay in the employer's contributions to "buy back" the credited service or is the employer's contribution transferable from Teachers Retirement System to PERS or does any previous legislation on reciprocity eliminate the need for the employee to pay the employer's contribution?
Act 511 of 1985, codified as Ark. Stat. Ann. 12-2581.1, states as follows:
 All persons except those who are members of the Arkansas Public Employees Retirement System or the Arkansas Teacher Retirement System, as provided for in Section 1 [12-2581] of this Act, and except those who are eligible for membership in an alternate system as provided for under the provisions of Act 436 of 1967 [80-1457 — 80-1464], as amended, who are employees of the institution [institutions] named in Section 1 hereof shall have the option of remaining members of the Teacher Retirement System or terminating membership in that System and enrolling in the Arkansas Public Employees Retirement System. Provided, that election to change systems must be made on or before July 30, 1986, [Acts 1983, No. 545 2, p. 1151; 1985, No. 511, 1, p. .]
In response to your first question, I understand that the reciprocity provisions established by earlier acts you refer to are Ark. Stat. Ann. 12-2537 et seq and Ark. Stat. Ann. 12-3304(4.03). Act 511 appears to be limited in scope, applicable to particular circumstances and not in conflict with the existing reciprocal provisions. Therefore, there appears to be no repeal of any part of these existing provisions.
In response to your second question, it is necessary to examine the language of Act 511, specifically ". . . or terminating membership in that System and enrolling in the Arkansas Public Employees Retirement System". (Emphasis supplied.)
The term "terminate" is defined as to put an end to, to cease, to end. Black's Law Dictionary, Rev. 4th Ed. In order to put an end to one's membership in the Teacher Retirement System, it appears to be necessary to withdraw one's contributions to the system. The effect of not withdrawing these funds would be to perpetuate a relationship and therefore not end the membership.
As to your third question, we again must examine the same language which provides for "enrolling" in PERS. To enroll is to become or be accepted as a member. Webster's New World Dictionary, College Ed. (1962). Compare the definition of "transfer" which means to convey from one position to another, Webster's supra. Also relevant is the legislature's failure to refer to the "buy back" provisions of Ark. Stat. Ann. 12-2538 which addresses separation and resumption of state employment.
The legislature's use of the word "enroll" indicates a new membership rather than providing for a "transfer" of membership. In addition, its failure to expressly incorporate the provisions of 12-2538 or otherwise provide for "buying back" services evidences the intent past service could not be credited in PERS. Therefore, it seems that an employee electing to terminate membership in the Teacher Retirement System and enroll in PERS receives credit from the time of enrollment only and cannot "buy back" or otherwise reestablish credited service for time accrued in the previous system.
Because of the negative response to this question, it is not necessary to address your final question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Thomas S. Gay.
Sincerely,
Steve Clark Attorney General
JSC:TSG:jk